IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CONRAD BENJAMIN,**
**A98-563-431,**

    Petitioner,

vs.                                Case No. 4:07cv315-WS/WCS

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**MICHAEL ROZOS,**
**DAVID HARVEY, and the**
**U.S. DEPARTMENT OF**
**HOMELAND SECURITY,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this action on July 17, 2007, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 5. Petitioner paid the filing fee, doc. 5, and service was directed. Doc. 6. Respondents filed an answer to the petition, doc. 12, on November 8, 2007, and Petitioner filed a response, doc. 13, on November 27, 2007.

Petitioner had alleged he is a native of Guyana, and stated that because his native country refused to issue travel documents for him, Respondents would be unable

to remove him.  Doc. 1.  At the time Petitioner filed his petition, he had been held in detention for almost a year, having entered immigration custody on October 21, 2006. Petitioner did not challenge the validity of the removal order, rather, he only sought release from custody under Zadvydas v. Davis, 533 U.S. 678 (2001).  *Id.*  Respondents claimed in the Answer that Petitioner had "failed to demonstrate that his removal in the foreseeable future [was] unlikely."  Doc. 12, p. 8.  Further, Respondents argued that Petitioner was not assisting in removal efforts because he did not provide the Embassy of Guyana with his birth certificate.[1]  *Id.*, at 9.  Petitioner responded on November 27, 2007, to the arguments made in the Answer.  Doc. 13.

Due to the length of time in reviewing the merits of the petition, and noting that nothing had been received from Petitioner since the filing of his reply the end of November, 2007, a telephone call was made to confirm that Petitioner was still in custody at the Wakulla County Jail.  The information received was that Petitioner was no longer there.  Thus, an Order was entered directing Respondents to file a response indicating the current location of Petitioner if still in detention.  Doc. 14.

Respondents filed a response to that order on June 2, 2008, and advise that the relief requested by Petitioner was granted to him on May 12, 2008.  Doc. 15.  Attached to the response was an exhibit showing that Petitioner was released from detention to an order of supervision.  Doc. 15, ex. 1.  Respondents have not provided an address for Petitioner.

At any rate, it is apparent that the case is moot because Petitioner has received the relief he requested.  There is nothing further for the Court do to.  Moreover, the

---

[1] The petition alleged that Petitioner *had* provided his birth certificate.  Doc. 1, p. 5.

Case No. 4:07cv315-WS/WCS

service order directed Petitioner to keep the Court informed of his whereabouts and custody status. Doc. 6. Having failed to alert the Court that he has been released from detention, it appears that Petitioner has abandoned this litigation.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED** because this case is moot and Petitioner has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2008.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**